

FILED & ENTERED

DEC 20 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte       DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>American Open Space Remedies, LLC,<br><br><br><br>Debtor(s). | Case No.: 8:24-bk-12885-SC<br><br>CHAPTER 11<br><br>**ORDER DENYING APPLICATION OF DEBTOR FOR AUTHORITY TO EMPLOY GOE FORSYTHE & HODGES LLP AS GENERAL BANKRUPTCY COUNSEL [DK. 14] WITHOUT PREJUDICE** |

The Court, having considered the Application of Debtor for Authority to Employ Goe Forsythe & Hodges LLP ("Firm") as General Bankruptcy Counsel filed November 21, 2024 [Dk. 14] ("Application") and the Supplement to Application filed December 18, 2024 [Dk. 26] ("Supplement"), the docket as a whole, and for the reasons stated below, finds good cause to DENY the Application, without prejudice.

## I.      Introduction

American Open Space Remedies LLC ("Debtor") filed the Application November 21, 2024. On December 10, 2024, Debtor filed a Declaration That No Party Requested a Hearing on the Application [Dk. 22]. On December 11, 2024, the Court, after review of

the Application, entered an Order Requiring Supplemental Briefing re: Application [Dk. 23] ("Order"). On December 18, 2024, Debtor filed the Supplement.

The Court entered the Order requiring Debtor to file supplemental briefing, and evidence in support of the Application, to clarify and address the following:

1.      Whether Beaumont 1600, LLC will be asserting a pre-petition claim for the $75,000 paid retainer ("Retainer");

2.      What is meant by the statement in the Application that "[t]he payment of the Retainer on Debtor's behalf by Beaumont, and the payment of the Firm's fees going forward by Beaumont will be from Funds provided by the Debtor. Goe Declaration, ¶ 8" [what were the source of the funds?];

3.      Whether the Firm has obtained a conflict waiver from its prior client Potero Commercial LLC; and

4.      What is meant by the statement that Jeffrey Broker, who is of counsel to the Firm, but a creditor of Debtor, "will assist Debtor and the Firm with background."

**II.      Discussion**

The Supplement has insufficiently addressed the foregoing concerns and has raised others. The Supplement repeats the statement in the Application that the Retainer was received from Beaumont on November 8, 2024 (the "Petition Date"). The Supplement also states that Beaumont will not assert a pre-petition claim for the retainer. However, the declaration of Scott Krentel, Beaumont's manager, which is attached to the Supplement states that the source of the Retainer was Debtor's funds. [Dk. 26, pg. 4: ¶ 3]. This later information appears to conflict with the previously filed declaration of Rob Goe submitted in support of the Application which states that the Retainer was received from Beaumont. [Dk. 14, pg.10: ¶ 7]. These conflicting statements give rise to the questions of whether (1) the $75,000 Retainer paid on the petition date cleared before the petition was filed; (2) whether Beaumont, who paid the Retainer, seemingly using Debtor's funds, holds any other funds of Debtor (i.e., property of the Estate); and (3) whether the funds used to pay the Retainer were Debtor's, but

were received by the Firm from Beaumont, as a conduit. Although the Supplement does clarify that "Debtor will pay the Firm's fees going forward from assets of the bankruptcy estate," it remains unclear whether Debtor has used, or will be using, Beaumont as a conduit, and if so, why.

Further, the Application states that Jeffrey Broker ("Mr. Broker"), who is Of Counsel to Firm, will not represent or bill Debtor in this bankruptcy case but will assist and provide information to Debtor and the Firm based upon his knowledge from his pre-petition representation of both Debtor and the prior owner of Debtor's real property. [Dk. 14, pg. 9: ¶ 18; Dk. 26, pg. 5: ¶ 2]. Mr. Broker, however, is a creditor of Debtor as he is owed attorney's fees related to his representation of Debtor pre-petition. There is also no disclosure of whether the Firm has obtained a conflict waiver from Mr. Broker's former client, who he has seemingly represented continuously since 2008. [Dk. 26, pg.5: ¶ 2]. Mr. Broker's involvement in this case appears to violate the spirit of 11 U.S.C. § 327 which allows for the employment of certain professionals, with court approval, of those that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the debtor-in-possession in carrying out its duties under this title.

Accordingly, for the foregoing reasons, the Court finds good cause to DENY the Application, without prejudice. Debtor may file a new application, with more specificity and less conflicting disclosures, to employ Firm.

**IT IS SO ORDERED.**

Date: December 20, 2024

Scott C. Clarkson
United States Bankruptcy Judge

-3-