Robert P. Goe - State Bar No. 137019
Reem J. Bello – State Bar No. 198840
**GOE FORSYTHE & HODGES LLP**
17701 Cowan, Suite 210, Bldg. D
Irvine, CA 92614
rgoe@goeforlaw.com
rbello@goeforlaw.com

Telephone:  (949) 798-2460
Facsimile:   (949) 955-9437

Proposed Attorneys for American Open Space
Remedies LLC, a California limited liability company

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>AMERICAN OPEN SPACE REMEDIES LLC, a California limited liability company,<br><br>Debtor and Debtor in Possession. | Case No. 8:24-bk-12885-SC<br><br>Chapter 11<br><br>**NOTICE OF HEARING ON AMENDED APPLICATION AND AMENDED APPLICATION OF DEBTOR AND DEBTOR-IN-POSSESSION, AMERICAN OPEN SPACE REMEDIES LLC FOR AUTHORITY TO EMPLOY GOE FORSYTHE & HODGES LLP, AS GENERAL BANKRUPTCY COUNSEL; DECLARATIONS OF ROBERT P. GOE AND JEFFREY BROKER IN SUPPORT THEREOF**<br><br>Hearing:<br>Date:        February 5, 2025<br>Time:        1:30 p.m.<br>Location:    Courtroom 5C<br>411 West Fourth Street<br>Santa Ana, CA 92701 |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANRUPTCY**

**JUDGE, TO THE OFFICE OF THE UNITED STATES TRUSTEE, AND TO ALL**

**PARTIES IN INTEREST:**

\\\

1

**PLEASE TAKE NOTICE** that a hearing will be held on February 5, 2025 at 1:30 p.m. in Courtroom 5C of the above-captioned United States Bankruptcy Court located at 411 West Fourth Street Santa Ana, CA 92701 on the amended application filed by American Open Space Remedies LLC, a California limited liability company, the debtor and debtor in possession ("Debtor") in the above-captioned bankruptcy case, for an order authorizing it to employ Goe Forsythe & Hodges LLP, (the "Firm") as its general bankruptcy counsel, pursuant to the provisions of 11 U.S.C. Section 327 and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure effective as of November 8, 2024 ("Amended Application").  This Amended Application is supported by the attached declarations of Robert P. Goe ("Goe Declaration") and Jeffrey Broker ("Broker Declaration").

**PLEASE TAKE FURTHER NOTICE** that any response to this Amended Application must be filed and served no later than 14 days prior to the hearing on this Amended Application. See Local Bankruptcy Rule ("LBR") 9013-1(f). Failure to timely file a response to the Amended Application may be deemed as your consent to the granting of the relief requested in the Amended Application. See LBR 9013-1(h).

Dated:  January 9, 2025

Presented by:

**GOE FORSYTHE & HODGES LLP**

By: /s/Robert P. Goe
     Robert P. Goe
     Proposed Attorneys for American
     Open Space Remedies LLC, a
     California limited liability company,
     Debtor and Debtor in Possession

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.      INTRODUCTION**

Debtor previously moved to employ the Firm as its general bankruptcy counsel pursuant to the employment application filed on November 21, 2024 [Docket No. 14] ("Prior Application"). The Court denied the Prior Application without prejudice, pursuant to its *Order Denying Application Of Debtor For Authority To Employ Goe Forsythe & Hodges LLP As General Bankruptcy Counsel [Dk. 14] Without Prejudice* entered on December 20, 2024 [Docket No. 28] ("Order"). The Prior Application was denied based on the Court's finding that the Prior Application and Supplement to Prior Application filed December 18, 2024 [Docket No. 26] ("Supplement") insufficiently addressed issues regarding the retainer received by the Firm and issues concerning its Of Counsel association with Debtor's pre-petition attorney, Jeffrey Broker. While the reasoning behind the Order is understood and well taken the Firm wishes to emphasize that the factual statements in the Prior Application and Supplement regarding the source of the retainer received were completely accurate but certain of the wordings could lead to confusion.  Beaumont 1600 LLC ("Beaumont") manages Debtor which is the reason why funds paid to the Firm came from Beaumont's bank account. The Firm is providing more facts in support of this Amended Application to demonstrate as much and advise the Court that Mr. Broker has agreed to waive any and all claims against the Debtor's bankruptcy estate ("Estate"). The following issues raised by the Court are addressed herein:

1)      On November 8, 2024, the Firm's retainer was paid by Debtor's manager, Beaumont, via a wire received by the Firm pre-petition (9:15 a.m. time of wire/chapter 11 petition filed 2:43 p.m.) from funds the Debtor had wired to Beaumont;

2)      Beaumont still holds $4,806.77 of Debtor's funds;

3)      All fees paid to the Firm post-petition will be from Debtor;

4)      Mr. Broker has waived any claim against the Estate; and

5)      Out of an abundance of caution, the Firm has obtained a conflict waiver concerning Mr. Broker's pre-petition representation of Debtor.

**II.      STATEMENT OF FACTS**

1.      The Voluntary Chapter 11 Petition ("Petition") commencing this case ("Case") was filed on November 8, 2024, at 2:43 p.m.  See Declaration of Robert P. Goe ("Goe Declaration"), ¶ 2, attached hereto and incorporated herein by this reference.

2.      Applicant is the Debtor and Debtor-in-Possession in this Chapter 11 Case. Goe Declaration, ¶ 3.

3.      The Firm will render services to Debtor at the Firm's regular hourly rates, which may be subject to adjustment in the future pursuant to the Retainer Agreement attached as **Exhibit 1**.  Goe Declaration, ¶ 4.

4.      The Firm is comprised of attorneys who specialize in insolvency, bankruptcy and corporate reorganization and is well qualified to represent Debtor in proceedings of this nature. All attorneys comprising or associated with the Firm who will render services in this Case are duly admitted to practice law in the Courts of the State of California and in the United States District Court for the Central District of California.  Goe Declaration, ¶ 5.

5.      Debtor requires the services of the Firm to render the following types of professional services:

a.  To advise and assist Debtor with respect to compliance with the requirements of the United States Trustee;

b.  To advise Debtor regarding matters of bankruptcy law, including the rights and remedies of Debtor to their assets and to the claims of creditors;

c.  To represent Debtor in any proceedings or hearings in the Bankruptcy Court and in any action in any other court where Debtor's rights under the Bankruptcy Code may be litigated or affected;

d.  To conduct examinations of witnesses, claimants, or adverse parties and to prepare and assist in the preparation of reports, accounts, and pleadings related to this Chapter 11 Case;

e.  To advise Debtor concerning the requirements of the Bankruptcy Court and applicable rules as the same affect Debtor in this proceeding;

f.  To assist Debtor in negotiation, formulation, confirmation, and implementation of a Chapter 11 plan of reorganization;

g.  To make any bankruptcy court appearances on behalf of Debtor; and

h.  To take such other action and perform such other services as Debtor may require of the Firm in connection with this Chapter 11 Case.  Goe Declaration, ¶ 6.

6.    On November 8, 2024, Debtor wired from its UBS bank account $137,272.77 to the UBS bank account of its manager, Beaumont.  As Debtor's manager, it is common practice for Beaumont to make payments on behalf of Debtor.

7.    After the $137,272.77 wire was made, Debtor's UBS bank account held $10,000.

8.    The Firm received a pre-petition retainer of $75,000.00 ("Retainer") on November 8, 2024 at 9:15 a.m. via a wire from Debtor's manager, Beaumont which was prior to the Petition being filed on November 8, 2024 at 2:43 p.m.  Scott Krentel ("Krentel") is the authorized representative of Beaumont.  The balance of the Retainer as of the Petition Date in the amount of $63,361.00 is in a segregated client trust account.  Goe Declaration, ¶ 7.

9.    From the $137,272.77 wire to Beaumont from the Debtor, Beaumont paid Broker and Associates P.C. the amount of $57,460 on November 14, 2024, related to, among other things, services related to entitlements, and processing the specific real property development plan of Debtor.

10.    Beaumont is currently holding $4,806.77 of the Debtor's funds.

11.    The payment of the Firm's fees going forward will be from funds of the Debtor. Goe Declaration, ¶ 8.

12.    As set forth in the Retention Agreement, the Firm agrees that in the event the Firm seeks to withdraw as counsel for the Debtor, it will file a motion and seek an order from the Bankruptcy Court.  Goe Declaration, ¶ 9.

13.    In accordance with the provisions of the U. S. Trustee Fee Guide regarding draw-down on retainers, monthly the Firm will serve upon the Debtor and the Office of the United State Trustee a copy of its Professional Fee Statement with the Firm's monthly invoice with respect to reimbursement of fees and for professional services rendered to the Debtor (the "Fee

Notice).  A copy of the Fee Notice without supporting documentation will be served upon the twenty largest general unsecured creditors, and on those parties who have requested special notice in the Debtor's Case.   If no objection to the Fee Notice is filed and served within ten (10) days after the service of the Fee Notice, from the Retainer the Firm will pay the amount of fees and costs represented by that monthly invoice without further notice, hearing, or order of the Court.   If a written objection to the Firm's Fee Notice is timely filed by a party-in-interest, the objecting party and the Firm will attempt to resolve such objection consensually.   If such an objection cannot be resolved consensually, no payment of the disputed amount of the Fee Notice will be paid to the Firm until the objection has been resolved by the Court.  Any failure to serve timely an objection to a Fee Notice will be deemed to be a waiver of any objection to the payment of the fees and costs requested by such Fee Notice but will <u>not</u> be deemed to be a waiver of any objection to the allowance by the Court of such fees and costs.  No fees or expenses above the Retainer will be paid to the Firm without further order of the Court.   Goe Declaration, ¶ 10.

14.     In the event the Firm seeks payment from the Estate, the Firm intends to apply to this Court for compensation in conformity with Bankruptcy Code §§ 330 and 331 and understands that its compensation will be subject to the approval of the Court.   Goe Declaration, ¶ 11.

15.     Other than as provided herein, to the best of Debtor's knowledge, and based upon the Goe Declaration, neither the Firm nor any of the attorneys comprising or employed by it, have any connection with the United States Trustee, or any person employed in the office of the United States Trustee, Debtor, Debtor's accountant. Debtor's creditors, any other party in interest, or its respective attorneys or accountants.  Goe Declaration, ¶ 12.

16.     Previously, the Firm represented one of Debtor's creditors, Portero Commercial, LLC ("Portero"), which is also managed by Beaumont.  Portero owned property that was at risk of foreclosure ("Portero Property").  On June 13, 2023, the Firm received a $25,000 retainer for a potential chapter 11 bankruptcy filing.  However, the foreclosure sale on the Portero Property was enjoined, so no chapter 11 bankruptcy was filed and the Firm closed this matter for Portero

and no money is owed to the Firm by Portero and it will not represent Portero in this Case. The Firm obtained a Conflict Waiver from Portero. Goe Declaration, ¶ 13.

17. The Firm is also general insolvency counsel to FGV Fresno LP, which is in a pending chapter 11 bankruptcy case before this Court, bearing case number 8:23-bk-10170-SC ("FGV Fresno"). FGV Fresno is not a creditor of the Debtor. Krentel is the authorized representative of the authorized representative of FGV Fresno. Goe Declaration, ¶ 14.

18. None of the attorneys comprising or employed by the Firm is related to any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or to any person employed in the Office of the United States Trustee. Goe Declaration, ¶ 15.

19. Although Jeffrey Broker is Of Counsel to the Firm, Mr. Broker is not working on Debtor's Case through the Firm. Goe Declaration, ¶ 16.

20. The Firm has obtained a Conflict Waiver from Debtor concerning Mr. Broker's pre-petition representation of the Debtor. Goe Declaration, ¶ 17.

21. Mr. Broker has waived any claims he has against the Debtor and Estate. Broker Declaration, ¶ 3.

22. Based on his prior longstanding attorney-client relationship to the Debtor and the prior owner of the real estate that is Debtor's most valuable asset, Mr. Broker provided background information to assist the Debtor and the Firm in preparing this Case, related to the property attributes and creditors of the Debtor. No confidential information was provided by the Firm to Mr. Broker regarding the Debtor, this Case, the Estate or strategy. Goe Declaration, ¶ 18.

23. As noted, Mr. Broker has waived any claims against Debtor and the Estate, but in any event, neither Section 101(14)(A) nor (B) applies to this Case. Further, neither the Firm nor Mr. Broker assert any pre-petition claims against Debtor or the Estate. With respect to Section 101(14)(C), the Firm does not have an interest materially adverse to the Estate or of any class of creditors or equity security holders, by reason of Mr. Broker's pre-petition representation of the Debtor. This is because Mr. Broker will not be among the attorneys working on the Debtor's

Case and the Firm will erect an ethical wall to prevent the sharing of any confidential information regarding the Debtor and its Estate with Mr. Broker. Goe Declaration, ¶ 19.

24.     In *United States Trustee v. S.S. Retail Stores Corp. (In re S.S. Retail Stores Corp.),* 211 B.R. 699 (9th Cir. BAP, 1997) the court explained,

> In *In re Creative Restaurant Management*, the court noted Congress had the opportunity to include this blanket disqualification provision in section 327 and did not do so. *In re Creative Restaurant Management*, 139 B.R. at 913. The court further noted no indication in the legislative history "which justifies anything but a plain reading of sections 327(a) and 101(14)." *Id.* at 913. No vicarious disqualification is provided for in the applicable sections of the Bankruptcy Code, despite the legislative opportunity to include the disqualification.

Id., at 203.

25.     As set forth in the attached Formal Ethics Opinion No. 2021-1, vicarious disqualification of an entire firm is not required under California legal ethics rules if one of the firm's attorneys has a conflict. Again, the Firm has provided no confidential information to Mr. Broker and has only received information from Mr. Broker regarding Debtor's property and creditors (with the Debtor's involvement in the sharing of such information) and the Firm will be erecting an ethical wall around Mr. Broker, whose association as "Of Counsel" is limited. Indeed, Mr. Broker never works in the Firm's physical office (other than an occasional meeting), does not have remote access to the Firm's files, and works with the Firm on a limited number of matters. Therefore, the ethical wall around Mr. Broker will be extremely robust as compared to the usual situation where the cabined attorney works in the same office using the same support staff on a regular basis, with access to firm records. This is not the case here.  Goe Declaration, ¶ 21.

26.     The Firm is a disinterested person within the meaning of 11 U.S.C. § 101(14). Furthermore, the Firm does not have an interest adverse to Debtor's Estate in accordance with 11 U.S.C. §327.  Goe Declaration, ¶ 22.

**WHEREFORE**, Debtor prays that the Court enter its Order as follows:

1.     Authorizing Debtor, based upon the foregoing and pursuant to 11 U.S.C. §327 and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, to employ the Firm as its general bankruptcy counsel, with compensation to be in accordance with the terms set forth herein; and

2.    Granting such other and further relief as the Court deems just and appropriate.

AMERICAN OPEN SPACE REMEDIES LLC

By:_____

Dated: January 6, 2025

Scott Krentel
Authorized Representative of Beaumont 1600,
LLC, Manager of American Open Space
Remedies LLC,
Debtor and Debtor-in-Possession

Presented by:
**GOE FORSYTHE & HODGES LLP**

By: /s/Robert P. Goe
      Robert P. Goe
      Proposed Attorneys for American
      Open Space Remedies LLC, a
      California limited liability company,
      Debtor and Debtor in Possession

**DECLARATION OF ROBERT P. GOE**

I, Robert P. Goe, declare and state,

1.       I am a Partner in the law firm of Goe Forsythe & Hodges LLP, which is proposed chapter 11 counsel to American Open Space Remedies LLC, a California limited liability company, the debtor and debtor in possession in the instant bankruptcy Case ("Debtor").  I make this declaration in support of Debtor's *Amended Application of Debtor and Debtor-in-Possession, American Open Space Remedies LLC for Authority to Employ Goe Forsythe & Hodges LLP, as General Bankruptcy Counsel* ("Application"), to which this Declaration is attached.  The following facts are known to me and if called as a witness I could and would competently testify thereto.

2.       On November 8, 2024, the Voluntary Chapter 11 Petition commencing this Case was filed at 2:43 p.m.

3.       Applicant is the Debtor and Debtor-in-Possession in this Chapter 11 Case.

4.       The Firm will render services to Debtor at the Firm's regular hourly rates, which may be subject to adjustment in the future pursuant to the Retainer Agreement attached as **Exhibit 1**.

5.       The Firm is comprised of attorneys who specialize in insolvency, bankruptcy and corporate reorganization and is well qualified to represent Debtor in proceedings of this nature. All attorneys comprising or associated with the Firm who will render services in this Case are duly admitted to practice law in the Courts of the State of California and in the United States District Court for the Central District of California.

6.       Debtor requires the services of the Firm to render the following types of professional services:

a.  To advise and assist Debtor with respect to compliance with the requirements of the United States Trustee;

b.  To advise Debtor regarding matters of bankruptcy law, including the rights and remedies of Debtor to their assets and to the claims of creditors;

c. To represent Debtor in any proceedings or hearings in the Bankruptcy Court and in any action in any other court where Debtor's rights under the Bankruptcy Code may be litigated or affected;

d. To conduct examinations of witnesses, claimants, or adverse parties and to prepare and assist in the preparation of reports, accounts, and pleadings related to this Chapter 11 Case;

e. To advise Debtor concerning the requirements of the Bankruptcy Court and applicable rules as the same affect Debtor in this proceeding;

f. To assist Debtor in negotiation, formulation, confirmation, and implementation of a Chapter 11 plan of reorganization;

g. To make any bankruptcy court appearances on behalf of Debtor; and

h. To take such other action and perform such other services as Debtor may require of the Firm in connection with this Chapter 11 Case.

7. The Firm received a pre-petition retainer of $75,000.00 ("Retainer") on November 8, 2024 at 9:15 a.m. via a wire from Debtor's manager, Beaumont which was prior to the Petition being filed on November 8, 2024 at 2:43 p.m. Scott Krentel ("Krentel") is the authorized representative of Beaumont. The balance of the Retainer as of the Petition Date in the amount of $63,361.00 is in a segregated client trust account.

8. The payment of the Firm's fees going forward will be from funds of the Debtor.

9. As set forth in the Retention Agreement, the Firm agrees that in the event the Firm seeks to withdraw as counsel for the Debtor, it will file a motion and seek an order from the Bankruptcy Court.

10. In accordance with the provisions of the U. S. Trustee Fee Guide regarding draw-down on retainers, monthly the Firm will serve upon the Debtor and the Office of the United State Trustee a copy of its Professional Fee Statement with the Firm's monthly invoice with respect to reimbursement of fees and for professional services rendered to the Debtor (the "Fee Notice). A copy of the Fee Notice without supporting documentation will be served upon the twenty largest general unsecured creditors, and on those parties who have requested special notice in the

Debtor's Case.   If no objection to the Fee Notice is filed and served within ten (10) days after the service of the Fee Notice, from the Retainer the Firm will pay the amount of fees and costs represented by that monthly invoice without further notice, hearing, or order of the Court.   If a written objection to the Firm's Fee Notice is timely filed by a party-in-interest, the objecting party and the Firm will attempt to resolve such objection consensually.   If such an objection cannot be resolved consensually, no payment of the disputed amount of the Fee Notice will be paid to the Firm until the objection has been resolved by the Court.  Any failure to serve timely an objection to a Fee Notice will be deemed to be a waiver of any objection to the payment of the fees and costs requested by such Fee Notice, but will <u>not</u> be deemed to be a waiver of any objection to the allowance by the Court of such fees and costs.  No fees or expenses above the Retainer will be paid to the Firm without further order of the Court.

11.     In the event the Firm seeks payment from the Estate, the Firm intends to apply to this Court for compensation in conformity with Bankruptcy Code §§ 330 and 331 and understands that its compensation will be subject to the approval of the Court.

12.     Other than as provided herein, to the best of Debtor's knowledge, and based upon the Goe Declaration, neither the Firm nor any of the attorneys comprising or employed by it, have any connection with the United States Trustee, or any person employed in the office of the United States Trustee, Debtor, Debtor's accountant. Debtor's creditors, any other party in interest, or its respective attorneys or accountants.

13.     Previously, the Firm represented one of Debtor's creditors, Portero Commercial, LLC ("Portero"), which is also managed by Beaumont.  Portero owned property that was at risk of foreclosure ("Portero Property").  On June 13, 2023, the Firm received a $25,000 retainer for a potential chapter 11 bankruptcy filing.  However, the foreclosure sale on the Portero Property was enjoined, so no chapter 11 bankruptcy was filed and the Firm closed this matter for Portero and no money is owed to the Firm by Portero and it will not represent Portero in this Case.  The Firm obtained a Conflict Waiver from Portero.

14.     The Firm is also general insolvency counsel to FGV Fresno LP, which is in a pending chapter 11 bankruptcy case before this Court, bearing case number 8:23-bk-10170-SC

("FGV Fresno"). FGV Fresno is not a creditor of the Debtor. Krentel is the authorized representative of the authorized representative of FGV Fresno.

15. None of the attorneys comprising or employed by the Firm is related to any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or to any person employed in the Office of the United States Trustee.

16. Although Jeffrey Broker is Of Counsel to the Firm, Mr. Broker is not working on Debtor's chapter 11 bankruptcy Case through the Firm.

17. The Firm has obtained a Conflict Waiver from Debtor concerning Mr. Broker's pre-petition representation of the Debtor.

18. Based on his prior longstanding attorney-client relationship to the Debtor and the prior owner of the real estate that is Debtor's most valuable asset, Mr. Broker provided background information to assist the Debtor and the Firm in preparing this Case, related to the property attributes and creditors of the Debtor. No confidential information was provided by the Firm to Mr. Broker regarding the Debtor, this Case, or the Estate or strategy.

19. As noted, Mr. Broker has waived any claims against Debtor and the Estate, but in any event, neither Section 101(14)(A) nor (B) applies to this Case. Further, neither the Firm nor Mr. Broker assert any pre-petition claims against Debtor or the Estate. With respect to Section 101(14)(C), the Firm does not have an interest materially adverse to the Estate or of any class of creditors or equity security holders, by reason of Mr. Broker's pre-petition representation of the Debtor. This is because Mr. Broker will not be among the attorneys working on the Debtor's Case and the Firm will erect an ethical wall to prevent the sharing of any confidential information regarding the Debtor and its Estate with Mr. Broker.

20. In *United States Trustee v. S.S. Retail Stores Corp. (In re S.S. Retail Stores Corp.),* 211 B.R. 699 (9th Cir. BAP, 1997) the court explained,

> In *In re Creative Restaurant Management*, the court noted Congress had the opportunity to include this blanket disqualification provision in section 327 and did not do so. *In re Creative Restaurant Management*, 139 B.R. at 913. The court further noted no indication in the legislative history "which justifies anything but a plain reading of sections 327(a) and 101(14)." *Id.* at 913. No vicarious disqualification is provided for in the applicable sections of the Bankruptcy Code, despite the legislative opportunity to include the disqualification.

Id., at 203.

21.    As set forth in the attached Formal Ethics Opinion No. 2021-1, vicarious disqualification of an entire firm is not required under California legal ethics rules if one of the firm's attorneys has a conflict. Again, the Firm has provided no confidential information to Mr. Broker and has only received information from Mr. Broker regarding Debtor's property and creditors (with the Debtor's involvement in the sharing of such information) and the Firm will be erecting an ethical wall around Mr. Broker, whose association as "Of Counsel" is limited. Indeed, Mr. Broker never works in the Firm's physical office (other than an occasional meeting), does not have remote access to the Firm's files, and works with the Firm on a limited number of matters. Therefore, the ethical wall around Mr. Broker will be extremely robust as compared to the usual situation where the cabined attorney works in the same office using the same support staff on a regular basis, with access to firm records. This is not the case here.

22.    The Firm is a disinterested person within the meaning of 11 U.S.C. § 101(14). Furthermore, the Firm does not have an interest adverse to Debtor's Estate in accordance with 11 U.S.C. §327.

I declare, under the penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct to the best of my knowledge and understanding.

Executed this 9th day of January 2025 at Irvine, California.

/s/Robert P. Goe
Robert P. Goe

14

## DECLARATION OF JEFFREY BROKER

I, Jeffrey Broker, declare and state,

1.    I make this declaration in support of Debtor's *Amended Application of Debtor and Debtor-in-Possession, American Open Space Remedies LLC for Authority to Employ Goe Forsythe & Hodges LLP, as General Bankruptcy Counsel* ("Application"), to which this Declaration is attached.  The following facts are known to me and if called as a witness I could and would competently testify thereto.

2.    I represented the prior owner of the Debtor's real property continuously since 2008 as well as the Debtor pre-petition.  I am not representing or billing the Debtor in this bankruptcy Case, but I will be providing information to the Debtor and the Firm based upon my pre-petition representation of the Debtor and the prior owner of the Debtor's real property since 2008.

3.    On November 14, 2024, I received a payment from Beaumont in the amount of $57,460.

4.    I waive any claim against Debtor and the Estate.

I declare, under the penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct to the best of my knowledge and understanding.

Dated:  January 6 , 2025

_____
Jeffrey Broker

15

# EXHIBIT 1

# EXHIBIT 1





**Robert P. Goe**
**Attorney at Law**
**RGoe@goeforlaw.com**

November 21, 2024

<u>**SENT VIA EMAIL -**</u>  <u>**aosrllc@gmail.com**</u>

American Open Space Remedies LLC
18022 Cowan, Suite 103
Irvine, CA 92614

   **Re:** <u>**Legal Representation by Goe Forsythe & Hodges LLP**</u>

Dear Scott:

Thank you for asking Goe Forsythe & Hodges LLP (the "<u>Firm</u>") to serve as your counsel in connection with the legal matter set out below.  This letter sets forth the terms of our retention.  Please sign the enclosed copy in the space provided and return it to us. Understand that the Firm has not yet been retained and that our services will not commence until this agreement is signed and returned along with the retainer monies referred to below.  Once executed, this agreement may not be changed or modified except by a written document signed by each of us.

<u>**IDENTITY OF THE CLIENT(S):**</u>  The client(s) retaining the Firm by this agreement is: **AMERICAN OPEN SPACE REMEDIES LLC**.  The client(s) will be referred to in this agreement as "You," "Your" or "Client."

<u>**SUBJECT OF REPRESENTATION:**</u>  You have engaged the Firm to represent You in connection with the filing of a **CHAPTER 11 BANKRUPTCY**.

<u>**TAX RAMIFICATIONS:**</u>  Unless otherwise agreed either herein or elsewhere in writing, the Firm has not been retained to provide You with advice or direction regarding any possible tax ramifications arising out of the Firm's representation of You.  You further understand that, unless otherwise agreed in writing, the Firm will not be responsible for alerting You throughout the representation of any actual or potential tax-related matters. The Firm strongly encourages You to discuss all tax matters with competent tax counsel.

17701 Cowan, Suite 210, Irvine, CA 92614  ~  Tel: 949.798.2460  ~  Fax:  949. 955.9437
www.goeforlaw.com
EXHIBIT 1        Page 1 of 5

American Open Space Remedies LLC
November 21, 2024
Page 2

**HOURLY RATES:**  The Firm's current hourly rates are as follows:

| Attorneys | | Paralegals | |
|---|---|---|---|
| Robert P. Goe | $695.00 | Kerry Murphy | $225.00 |
| Marc C. Forsythe | $695.00 | Britney Bailey | $210.00 |
| Ronald S. Hodges | $695.00 | Arthur Johnston | $210.00 |
| Dixon L. Gardner | $575.00 | Lauren Gillen | $195.00 |
| Reem J. Bello | $565.00 | Evan Siegel | $175.00 |
| Charity J. Manee | $535.00 | | |
| Ryan S. Riddles | $475.00 | | |
| Brandon J. Iskander | $450.00 | | |
| Olivia Cannon | $420.00 | | |
| Lauren E. Raya | $395.00 | | |
| *Of Counsel* | | | |
| Brian Van Marter | $625.00 | | |
| Greg Preston | $625.00 | | |
| Taylor DeRosa | $400.00 | | |
| Jeffrey M. Yostanto | $385.00 | | |

**ADJUSTMENTS TO RATES:**  Please understand that the hourly rates charged for these services are reviewed from time to time and revised or otherwise adjusted as circumstances indicate appropriate, usually at January 1 of each year.  Any adjustment in billing rates will be reflected in Your monthly billing statements.

**INITIAL RETAINER:**  The Firm requires a retainer when it begins working for clients to secure the payment of its fees, costs and expenses.  It is necessary for You to remit an initial earned upon receipt retainer of **$75,000.00** ("Initial Retainer") which may be applied to Your ongoing billing.  Alternatively, the Firm may hold the retainer in trust until your final bill.  Any excess will be returned to You at the time our final billing is rendered.  The retainer will be wired to the Firm at:

| | |
|---|---|
| **Name of Bank:** | **City National Bank** |
| **Address of Bank:** | **18111 Von Karman, Suite 100** |
| | **Irvine, CA 92612** |
| **Routing No.:** | **122016066** |
| **Beneficiary Name:** | **Goe Forsythe & Hodges LLP Attorney Client Trust Account** |
| **Account No.:** | **023880164** |

American Open Space Remedies LLC
November 21, 2024
Page 3

**COSTS AND EXPENSES:**   In addition to fees for the services provided, You acknowledge that additional costs will be incurred on Your behalf and shall be paid by You.   Costs and expenses shall include, but not be limited to, filing fees, photocopy charges, computer research, telephone usage, incoming and outgoing faxes, access postage, travel, expert fees, investigation expenses, messenger and delivery fees.   The Firm may, in its discretion, advance such costs and expenses and any such sums so advanced must be paid by You upon presentation of the invoice.   Understand, however, the Firm is under no obligation to advance any costs on Your behalf.

**FEE ALLOWANCE:**  The ultimate fees to be awarded the Firm for its representation of the Client in the chapter 11 case must be approved by the Bankruptcy Court (the Court").   The Court will retain jurisdiction regarding the Firm's employment, allowance of its attorney's fees or costs, including attorney's fees or costs incurred resolving a dispute.

**CELL PHONE AND E-MAIL COMMUNICATION:**  The Firm hereby informs You and You hereby acknowledge that the Firm's attorneys sometimes communicate with their clients and their clients' professionals and agents by cell telephone and/or unencrypted emails, that such communications are capable of being intercepted by others and therefore may be deemed no longer protected by the attorney-client privilege, and that You must inform the Firm in writing if You do not wish the Firm to discuss privileged matters on cell telephones and/or email with You or Your professionals or agents.

**COOPERATION:**   To enable the Firm to consult with You effectively, You agree to cooperate fully with the Firm in all developments and to fully and accurately disclose all facts and documents that may be relevant to the matter or that the Firm may otherwise request and to preserve and provide same upon request.   You also will make Yourself and other appropriate client personnel reasonably available to attend meetings, conferences, depositions, hearings and other proceedings as may be deemed necessary by the Firm.

**NO GUARANTY OF SUCCESS:**   You understand that the Firm has made no representation or guaranty concerning a successful outcome on the matter in which consulting services are being provided and that legal matters, particularly litigation, come with great expense and very uncertain results.

**TERMINATION:**  You may terminate this agreement at any time by written notice to the Firm. Your termination of the Firm's services will not affect Your responsibility for payment of fees and costs incurred before termination or in connection with the closing or transition of the matter.   If termination occurs, Your papers and property will be returned to You promptly upon request.   The Firm's own files pertaining to all matters will be retained consistent with its document retention policy.   It is agreed that all fees and costs accrued at the time of withdrawal will be immediately due and payable.

With Bankruptcy Court approval, the Firm may terminate this agreement and withdraw from providing further services to You if You fail to fulfill Your obligations under this

American Open Space Remedies LLC
November 21, 2024
Page 4

agreement, including Your obligation to pay the Firm's fees and expenses as they become due, or as permitted or required under any applicable standards of professional conduct or upon the Firm's reasonable notice to You, or if irreconcilable differences develop between the Firm and You which, in the Firm's sole discretion, would significantly impair the ability of the Firm to satisfactorily and effectively discharge its duties to You. Termination by the Firm will not affect Your responsibility to pay all fees and costs incurred.

In the event the Firm's services are terminated after the filing of a Chapter 11 filing and a new Firm or attorney is not substituted into the case on your behalf, the Bankruptcy Court requires the Firm seek a Bankruptcy Court Order terminating its services by the filing and serving a Motion to Be Relieved as Counsel.

**FILE STORAGE:**  After closing the file, all documents or materials may be archived without further notice to You.  After three (3) years, the Firm reserves the right to permanently dispose of any unclaimed materials.

**CONSENT TO USE OF INFORMATION:**  In connection with marketing materials that describe facets of our law practice and recite examples of matters we handle on behalf of clients, You agree that those materials may identify You as a client, may contain factual synopses of Your matters, and may indicate generally the results achieved.

**BINDING EFFECT:**  This is a binding legal contract.  The Firm has, by this contract, agreed to expend reasonable efforts and exercise reasonable judgment on Your behalf and may have to forego other engagements with other actual or potential clients.  You agree to provide reasonable cooperation and assistance to the Firm and that the Firm shall be entitled to payment pursuant to this agreement, regardless of the outcome of the work and regardless of whether You are or are not satisfied with the results obtained by the Firm.

**SEVERABILITY:**  If any of these provisions is stricken in an arbitration or a court proceeding, the remainder shall constitute the agreement at the discretion of the Firm.

**COUNTERPARTS:**  Each person counter-signing the agreement warrants that he or she has authority to do so.

**REVIEW:  You acknowledge that the Firm has discussed the terms of this agreement and that the Firm has given You the reasonable opportunity to have this agreement reviewed by an attorney or other person of Your choosing prior to You signing it.**

American Open Space Remedies LLC
11/21/2024
Page 5

Please review this letter carefully and, if the terms and conditions of the Firm's representation and the billing arrangements meet with Your approval, please sign the enclosed copy of this letter and return it to the Firm so that we may begin work. Please call if You have any questions.

Very truly yours,

**GOE FORSYTHE & HODGES LLP**

Robert P. Goe

RPG/kam

**ACKNOWLEDGED AND AGREED**:

The undersigned, **after reading and understanding all of its terms**, understands and agrees to the foregoing terms for the legal services by the Firm.

American Open Space Remedies, LLC, by its manager, Beaumont 1600, LLC

Dated: 11/21/2024          By: _____

Scott Krentel,
Authorized Representative

17701 Cowan, Suite 210, Irvine, CA 92614 ~ Tel: 949.798.2460 ~ Fax: 949. 955.9437
www.goeforlaw.com

EXHIBIT 1                    Page 5 of 5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 17701 Cowan, Suite 210, Building D, Irvine, CA 92614

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF HEARING ON AMENDED APPLICATION AND AMENDED APPLICATION OF DEBTOR AND DEBTOR-IN-POSSESSION, AMERICAN OPEN SPACE REMEDIES LLC FOR AUTHORITY TO EMPLOY GOE FORSYTHE & HODGES LLP, AS GENERAL BANKRUPTCY COUNSEL; DECLARATIONS OF ROBERT P. GOE AND JEFFREY BROKER IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 9, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Reem J Bello    rbello@goeforlaw.com, kmurphy@goeforlaw.com**
- **Jeffrey W Broker    jbroker@brokerlaw.biz**
- **Brian L. Davidoff    bdavidoff@greenbergglusker.com, calendar@greenbergglusker.com;jking@greenbergglusker.com;cmillerwatkins@greenbergglusker.com**
- **Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com**
- **Kenneth Misken    Kenneth.M.Misken@usdoj.gov**
- **Cole F. Nicholas    cnicholas@greenbergglusker.com, calendar@greenbergglusker.com;cmillerwatkins@greenbergglusker.com**

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) January 9, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) January 9, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

- The Honorable Scott Clarkson, USBC, 411 West Fourth Street, Suite 5130, Santa Ana, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 9, 2025 | Susan C. Stein | /s/Susan C. Stein |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

16

**In re American Open Space
Remedies, LLC
U.S.B.C. Case 8:24-bk-12885-SC**

<u>**Debtor**</u>
American Open Space Remedies LLC
18022 Cowan Suite 103
Irvine, CA 92614-6864

<u>**United States Trustee**</u>
United States Trustee (SA)
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4500

## CREDITORS

Advanced Site Consulting LLC
10501 Wilshire Blvd Unit 1509
Los Angeles, CA 90024-6315

Advantage Circulation Consulting LLC
10501 Wilshire Blvd
Unit 1509Los Angeles, CA 90024-6315

Aminam LLC
12121 Wilshire Blvd
Suite 555
Los Angeles, CA 90025-1168

Aminam LLC
12173 Leven Lane
Los Angeles, CA 90049-2835

Beach Freeman Lim & Cleland LLP
c/o Doug Beach
18022 Cowan Suite 103
Irvine, CA 92614-6864

Beaumont 1600 LLC
P.O. Box 55317
Riverside, CA 92517-0317

California Dept. of Fee & Tax Admin
P.O. Box 942879
Sacramento, CA 94279-0001

David Golkar
10501 Wilshire Blvd., Unit 211
Los Angeles, CA 90024-6325

Earth Retentions, LLC
231 Rope Mill Parkway
Woodstock, GA 30188-2453

Engineered Equities, LLC
c/o BFLC
18022 Cowan Suite 103
Irvine, CA 92614-6864

Epport, Richman & Robbins Steven C.
Huskey
1875 Century Park East #800
Los Angeles, CA 90067-2525

Franchise Tax Board
Bankruptcy Section MS: A-30
P.O. Box 2952
Sacramento, CA 95812-2952

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

James Wolf
1320 Van Beurden Drive
Los Osos, CA 93402-3380

Jeff Broker Broker & Associates
13681 Newport Avenue Suite 8312
Tustin, CA 92780-4689

Jeffrey Broker
13681 Newport Blvd Suite 8312
Tustin, CA 92780-4689

Law Offices of Richard G. Witkin APC
5805 Sepulveda Blvd., Ste 670
Van Nuys, CA 91411-2522

Liquid Funds LLC
12121 Wilshire Blvd Suite 555
Los Angeles, CA 90025-1168

MGM Property Holdings, Inc.
Beach Freeman Lim & Cleland LLP
18022 Cowan Suite 103
Irvine, CA 92614-6864

Mortgage Lender Services, Inc.
7844 Madison Avenue Suite 145
Fair Oaks, CA 95628-3595

Portero Commercial, LLC
18022 Cowan Suite 103
Irvine, CA 92614-6864

SRD Design Studio, Inc.
P.O. Box 5147
Beverly Hills, CA 90209-5147

The Bailey Group
25014 Las Bridas South Suite A & B
Murrieta, CA 92562